**Case No. 24-cv-02001 (ASH)**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

In re: CONVERGEONE HOLDINGS, INC., *ET AL.*,
Reorganized Debtors.

AD HOC GROUP OF EXCLUDED LENDERS,
*Appellant,*

v.

CONVERGEONE HOLDINGS, INC., *ET AL.*,
*Appellees.*

Appeal from the United States Bankruptcy Court for the
Southern District of Texas, Houston Division (Case No. 24-90194 (CML))

**RESPONSE OF APPELLEES CONVERGEONE HOLDINGS, INC., *ET AL.*
TO NOTICE OF SUPPLEMENTAL AUTHORITY**

| | |
|---|---|
| **WHITE & CASE LLP** | **WHITE & CASE LLP** |
| Bojan Guzina (admitted *pro hac vice*) | Charles R. Koster |
| Andrew F. O'Neill (admitted *pro hac vice*) | 609 Main Street, Suite 2900 |
| Erin R. Rosenberg (admitted *pro hac vice*) | Houston, TX 77002 |
| Adam T. Swingle (admitted *pro hac vice*) | Telephone: (713) 496-9700 |
| 111 South Wacker Drive, Suite 5100 | Email: ckoster@whitecase.com |
| Chicago, IL 60606 | |
| Telephone: (312) 881-5400 | |
| Email: bojan.guzina@whitecase.com | |
|       aoneill@whitecase.com | |
|       erin.rosenberg@whitecase.com | |
|       adam.swingle@whitecase.com | |

*Counsel to the Reorganized Debtors*

The Reorganized Debtors[1] respond to Appellant's Notice of Supplemental Authority (the "Notice")[2] (citing *Excluded Lenders v. Serta Simmons Bedding, L.L.C. (In re Serta Simmons Bedding, L.L.C.)*, No. 23-20181, __ F.4th __ 2024 WL 5250365 (5th Cir. Dec. 31, 2024)).

*Serta* is irrelevant to this appeal. Section 1123(a)(4) of the Bankruptcy Code requires equal treatment of *claims* in a particular class, not equal treatment of *claimants* (ans. br. 3). A debtor may offer consideration to certain creditors in exchange for those creditors' *new* investments—here, a backstop commitment crucial to the Plan (*see id*. 16).

The *Serta* plan provided all prepetition claims in a single class with the same indemnity. *See* 2024 WL 5250365 at *23. The Fifth Circuit held that the indemnity violated the equal treatment requirement because it was worth millions to class members that participated in a challenged prepetition transaction and nothing to members that did not. *See id*. at *23.

The Minority AHG cites the Fifth Circuit's willingness to "look below the surface" of class treatment to determine whether each member received equal value.

---

[1] Capitalized terms not defined herein are defined in the Reorganized Debtors' answering brief.

[2] Appellant's Notice exceeds Federal Rule of Bankruptcy Procedure 8014(f)'s word limit.

1

The Plan here provided for identical treatment of claims in the relevant class—both nominally and on a value basis. The challenged consideration was not Plan treatment of prepetition claims; rather, it was market compensation for a new money commitment. The bankruptcy court found that the commitment was necessary, the backstop terms were reasonable, and the compensation was not treatment on account of prepetition claims (ans. br. 18).[3]

As the bankruptcy court found (*id*. 15), the Plan provides equal treatment of prepetition claims, and the supplemental authority should be disregarded as irrelevant.

---

[3] If anything, *Serta* clarifies that the Minority AHG's allegations related to "vote buying" are irrelevant to the equal treatment analysis. The Fifth Circuit adopted "an objective approach to equal treatment . . . without regard to what one might label the subjective intent of the Plan's drafters." 2024 WL 2520365 at *23 n.22.

Dated: January 13, 2025
       Houston, Texas

**WHITE & CASE LLP**

*/s/ Charles R. Koster*
Charles R. Koster (Bar No. 24128278)
**WHITE & CASE LLP**
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 496-9700
Facsimile: (713) 496-9701
Email: charles.koster@whitecase.com

**Attorney-In-Charge for the Reorganized Debtors**

Of Counsel:

Bojan Guzina (*pro hac vice*)
Andrew F. O'Neill (*pro hac vice*)
Erin R. Rosenberg (*pro hac vice*)
Adam T. Swingle (*pro hac vice*)
**WHITE & CASE LLP**
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
Email:
    bojan.guzina@whitecase.com
    aoneill@whitecase.com
    erin.rosenberg@whitecase.com
    adam.swingle@whitecase.com

*Counsel to the Reorganized Debtors*

## CERTIFICATE OF SERVICE

I certify that on January 13, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas.

/s/ *Charles R. Koster*
Charles R. Koster

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Bankruptcy Rule 8013(f)(1) and Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it is written in 14-point Times New Roman Font. This document complies with the word limit of Bankruptcy Rule 8014(f) because, excluding the documents exempted by Bankruptcy Rule 8013(a)(2)(C), it contains 346 words.

/s/ *Charles R. Koster*
Charles R. Koster